SO ORDERED.

SIGNED this 11th day of December, 2019.



_____Dale L. Somers_____
Dale L. Somers
United States Chief Bankruptcy Judge
_____

Designated for print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| In re: | |
|---|---|
| Michael Lerner, | Case No. 18-21510 |
|  | Chapter 7 |
| Debtor. | |

**Memorandum Opinion Addressing Burden of Proof
when Litigating Objections to Debtor's Claimed Exemptions**

Under K.S.A. 60-2304(a), a Kansas resident may exempt the

"furnishings, equipment, and supplies . . . reasonably necessary at the

principal residence of the person."[1] The legislature has not established a monetary limit. Taking advantage of this void, Debtor Michael Lerner[2] exempts "household goods and furnishings" valued at $27,798.00 and "artwork, textiles, carpets, and wall hangings" valued at $842,000.00, citing K.S.A. 60-2304(a) on his Schedule C. The Chapter 7 Trustee, Christopher J. Redmond[3] and a judgment creditor, LPF II, LLC (hereafter LPF)[4] object to the exemptions,[5] giving rise to a contested matter.[6] The objections include the argument that in litigation over the exemptions claimed by Debtor the burden

---

[1] K.S.A. 60-2304(a).

[2] Debtor appears by Joanne B. Stutz of Evans & Mullinix, P.A.

[3] The Chapter 7 Trustee appears by Christopher J. Redmond of Redmond Law Firm, LLC.

[4] LPF appears by Scott J. Goldstein and Zachary R.G. Fairlie of Spencer Fane LLP.

[5] Docs. 40 and 42.

[6] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2018). An objection to exemption of property from the estate is a core proceeding which ths Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(B). There is no objection to venue or jurisdiction over the parties.

of proof is on the Debtor. The parties have fully briefed the burden of proof issue and request that it be decided prior to an evidentiary hearing.[7]

## A. Positions of the Parties

Debtor argues that it is well-settled law that in bankruptcy litigation challenging personal property exemptions claimed under Kansas law, the burden of proof is on the objecting party, as stated in Rule 4003(c).[8] Rule 4003(c) provides that "[i]n any hearing under this rule [entitled Exemptions], the objecting party has the burden of proving that the exemptions are not properly claimed." Numerous Kansas bankruptcy court decisions, including from this chambers, apply the Rule in similar cases,[9] as has the Tenth Circuit Court of Appeals.[10]

---

[7] Doc. 81, ¶ 12(d).

[8] Fed. R. Bankr. P. 4003(c). References to this Rule in the text and footnotes shall be to "Rule 4003(c)."

[9] *E.g., In re Lejuerrne*, No. 02-14863, 2004 WL 2192515, at *3 (Bankr. D. Kan. June 9, 2004) (Nugent, C.J ) (citing Rule 4003(c) for the proposition that the creditor challenging the debtor's claim of exemption had the burden of proving that the exemption was not properly claimed); *In re Parks*, No. 18-40736-7, 2018 WL 6603722, at *2 (Bankr. D. Kan. Dec. 12, 2018) (Somers, C.J.) (same, but as to the trustee challenging the debtor's claimed exemption).

[10] *See Lampe v. Williamson (In re Lampe)*, 331 F.3d 750 (10th Cir. 2003) ("Once a debtor claims an exemption, the objecting party bears the burden of proving the exemption is not properly claimed.").

The Trustee and LPF make identical arguments in support of their position that Rule 4003(c) is not applicable. They rely upon *Tallerico*,[11] which holds that Rule 4003(c) is "invalid to the extent it assigns the burden of proof on an objection to a state-law claim of exemption in a manner contrary to state law."[12] According to the Trustee and LPF, under Kansas law, that burden of proof is on the person claiming the exemption.

As examined below, the Court finds the objecting parties' arguments are persuasive, but concludes that it is bound by Tenth Circuit precedent to apply Rule 4003(c).

### B. Analysis

The estate created when a bankruptcy case is filed includes "all legal or equitable interests of the debtor," subject to enumerated exceptions.[13] Those exceptions include exemption of a portion of the debtor's property, as defined by federal or state exemption laws.[14] Kansas has opted out of using the federal exemptions,[15] so the exemptions available to Kansas residents are

---

[11] *In re Tallerico*, 532 B.R. 774 (Bankr. E.D. Cal. 2015).

[12] *Id.* at 776.

[13] 11 U.S.C. § 541.

[14] 11 U.S.C. § 522.

[15] K.S.A. 60-2312.

Case 18-21510    Doc# 102    Filed 12/11/19    Page 4 of 14

those defined by state law. Under K.S.A. 60-2304(a), a debtor can "exempt from seizure and sale" the "furnishings, equipment and supplies, including food, fuel and clothing, for the person which is in the person's present possession and is reasonably necessary at the principal residence of the person for a period of one year." There is no stated maximum value of the property entitled to exemption. Although the exemption is not limited to indispensable goods, only that personal property that is reasonable necessary to the debtor's customary standard of living is exempt under K.S.A. 60-2304(a).[16]

The Trustee and LPF urge that Debtor's exemption of the artwork should be denied as not reasonably necessary within the scope of K.S.A. 60-2304(a).[17] As to Debtor's household goods and furnishings, they suggest that the value of the property may be substantially under-stated in Debtor's schedules and assert that the Court needs to determine what portion is reasonably necessary and therefore within the scope of K.S.A. 60-2304(a).

---

[16] *See Nohinek v. Logsdon*, 6 Kan. App. 2d 342, 344-45 628 P.2d 257, 259 (1981) (adopting a construction of K.S.A. 60-2304(a) that a trial court must determine whether "the exempt property is reasonable and necessary to the debtor's customary standard of living" and not the more narrow rule that "any items found to be luxuries may not be exempt as necessary").

[17] Doc. 40, p. 6 and Doc. 42, p. 5.

5

The question now is more limited, however: which party has the burden of proof on these factual issues?[18]

The Court first examines whether Rule 4003(c) applies when the challenged exemptions are defined by state law. The Trustee's and LPF's argument that the Rule does not apply relies upon *Tallerico*,[19] where the debtor sought to recover personal property which had been levied prepetition on the theory of impairment of exemptions under state law. The court held Rule 4003(c) "invalid to the extent it assigned the burden of proof on an objection to a state-law claim of exemption in a manner contrary to state law."[20] The reasoning is straight forward. The statute authorizing the

---

[18] When considering the question of allocation of the burden of proof when a trustee or creditor challenges a claimed exemption, the "presumption" of 11 U.S.C. § 522(l) is relevant. It states, "Unless a party in interest objects, the property claimed [by the debtor] on such [exemption schedule] list is exempt." Under Federal Rules of Evidence 302, "In a civil case, state law governs the effect of a presumption regarding a claim or defense for which state law provides the rule of decision." Under Kansas Rule of Evidence K.S.A. 60-414(b), "if the facts from which the presumption arises have no probative value as evidence of the presumed fact, the presumption does not exist when evidence is introduced which would support a finding of the nonexistence of the presumed fact, and the fact which would otherwise be presumed shall be determined from the evidence exactly as if no presumption was or had been involved." Therefore if state law controls, it is doubtful that the presumption of entitlement to an exemption arising from the fact that it was listed on Debtor's schedules would have a significant effect in the trial of an objection to exemptions.

[19] *In re Tallerico*, 532 B.R. at 774.

[20] *Id*. at 776.

6

Case 18-21510    Doc# 102    Filed 12/11/19    Page 6 of 14

Supreme Court's authority to prescribe bankruptcy rules, 28 U.S.C. § 2075, provides "[s]uch rules shall not abridge, enlarge, or modify any substantive right." Based upon an examination of the history of claiming exemptions and objections to exemptions under the various bankruptcy enactments and rules from 1898 through 1978, the *Tallerico* court concluded that historically the burden of proof was placed upon the party objecting to exemptions based upon the understanding that burden of proof was procedural, not substantive, and therefore "fair game for regulation by rule."[21] The *Tallerico* court then found that this assumption was "upended" by the Supreme Court's decision in 2000 that "the burden of proof on [§ 502 objections to] claims in bankruptcy is an essential element of the underlying substantive claim,"[22] which is determined by state law. Finding no "principled difference between objection to § 502 claims and § 522 claims of exemption,"[23] the court held that the state law burden of proof, not Rule 4003(c), applied to contested state law claims of exemptions.

---

[21] *Id.* at 787.

[22] *Id.* (citing *Raleigh v. Illinois Dept. of Revenue,* 530 U.S. 15 (2000)).

[23] *Id.*

The Court is persuaded by the *Tallerico* court's analysis.[24] When a Debtor's claim of Kansas exemptions is challenged, the burden of proof should be allocated in accord with Kansas law, not Rule 4003(c). But the question of how the burden of proof is allocated under Kansas law when claimed personal property exemptions are challenged is not easily answered.

Kansas exemptions are codified in article 23 of Chapter 60 of the Kansas statutes in K.S.A. 60-2301 through 60-2315. K.S.A. 60-2304 defines the personal property exemptions. None of the statutes in the article state the allocation of the burden of proof when exemptions are challenged. There also are no Kansas appellate decisions addressing the question. The overwhelming majority of cases discussing Kansas personal property exemptions have arisen in bankruptcy cases, and generally the courts—without analysis—have applied Rule 4003(c).[25] The Court is therefore faced with the task of

---

[24] The reasoning of *Tallerico* was adopted by the Ninth Circuit BAP in *In re Diaz*, 547 B.R. 329 (9th Cir. BAP 2016), also a case governed by California law. The analysis of *Tallerico* is presented with approval in 2 Barry Russell, *Bankruptcy Evidence Manual*, § 301:61 at 357-38 (2019-2020 ed. 2019) and is thoroughly analyzed in Norton Bankr. L. Advisor, May 2016, No. 5.

[25] *E.g.*, *In re Lampe*, 331 F.3d at 750; *In re Gregory,* 245 B.R. 171 (10th Cir. BAP 2000); *In re Parks*, No. 18-40736, 2018 WL 6603722 (Bankr. D. Kan. Dec. 12, 2018); *In re Lejuerrne*, No. 02-14863, 2004 WL 2192515 (Bankr. D. Kan. June 9, 2004); *In re Kieffer,* 279 B.R 290 (Bankr. D. Kan. 2002); *In re Zink*, 177 B.R. 713 (Bankr. D. Kan. 1995). *But see Walnut Valley State Bank of El Dorado v. Coots*, 60 B.R. 834, 836 (D. Kan. 1986) (without reference to any authority, the district court on an appeal from a bankruptcy court decision held that the burden was on the debtor to establish entitlement to the claimed household goods exemption).

8

predicting how the Kansas Supreme Court would allocate the burden of proof if the issue were presented to it.

Two encyclopedias report that the burden of proof is generally on a debtor who claims an exemption. One states, "[a]s a general rule, the party asserting an exemption from execution, attachment, or seizure to satisfy a judgment bears the burden of establishing entitlement to the exemption."[26] Another states, "[t]he burden generally is on the person who seeks to enforce or establish an exemption."[27]

Kansas statutes addressing matters similar to the exemption of personal property place the burden of proof on the person claiming the exemption. The Trustee and LPF both cite K.S.A. 60-4112(h),[28] a section of the Kansas Standard Asset Seizure and Forfeiture Act, codified in K.S.A. 60-

---

[26] 31 Am. Jur. 2d *Exemptions* § 311 (citing *Walnut Valley Bank of El Dorado*, 60 B.R. at 834 and *Milberger v. Veselsky,* 97 Kan. 433, 155 P. 957 (1916)).

[27] 35 C.J.S. *Exemptions* § 198. This encyclopedia also states, however, that "According to some authority, if the Debtor's claim to an exemption is duly made and filed, it is prima facie correct, and the onus of establishing the contrary is on the creditor."

[28] The Trustee and LPF suggest that K.S.A. 60-4112(b) applies to personal property exemption claims in bankruptcy, but this is not correct. K.S.A. 60-4112(b) is a section of the Kansas Standard Asset Seizure and Forfeiture Act, codified in K.S.A. 60-4101 through 60-4127. That act contains its own exemptions, codified at K.S.A. 60-4106; they bear no resemblance to the exemptions codified in K.S.A. 2301 et seq. In addition, K.S.A. 60-4112(h) states it applies only to proceedings "under this act" when a claim is based on "any exemption provided for in this act," meaning in both references the Standard Asset Seizure and Forfeiture Act.

9

4101 through 60-4127. That Act contains its own exemptions and in K.S.A. 60-4112(h) places the burden of proof on the person claiming an exemption. The subsection states, "In any proceeding under this act, if a claim is based upon any exemption provided for in this act, the burden of proving the existence of the exemption is on the claimant." Additional Kansas statutes place the burden of proof on the person seeking to benefit from an exemption. In a proceeding under K.S.A. 60-712 to dissolve an attachment, "[t]he burden of proof is on the party seeking the attachment except to any claim of exemption." K.S.A. 60-735(c) provides that if a hearing is held on a judgment debtor's objection to a garnishment, "the judgment debtor shall have the burden of proof to show that some or all of the property subject to the garnishment is exempt." Various Kansas statutes exempt certain items of property from taxation and place the burden of proof with the party claiming the exemption.[29]

In addition, Kansas homestead exemption cases hold that the burden of proof is on the debtor claiming the exemption.[30] In *Milberger v. Veselsky*,[31]

---

[29] K.S.A. 79-213a. *See also Bd. of Cnty. Comm'rs of Wyandotte Cnty., Kan. v. Kan. Ave. Prop.*, 246 Kan. 161, 166, 786 P. 2d 1141, 1145 (1990) ("The burden of establishing exemption from taxation is on the one claiming it.").

[30] But when the issue is the affirmative defense of whether a homestead has been abandoned, the party attacking the exemption bears the burden to show abandonment by clear and convincing evidence. *Bellport v. Harder*, 196 Kan. 294,

10

where the proceeds from the sale of a homestead were claimed as exempt, the Kansas Supreme Court cited an encyclopedia and stated,

> The burden of proof is ordinarily on the one claiming an exemption . . . . While this rule is not universal, there are obvious reasons why it should apply in such a case as the present, where the existence of the exemption is dependent in part upon the operations of the claimant's mind.[32]

The burden of proof was also placed by the Kansas Supreme Court on a woman claiming the homestead exemption where the issue was whether the home was the residence of herself and her supposed husband.[33]

Based upon the foregoing, the Court concludes that the Kansas Supreme Court would hold that the burden of proof should be placed on a debtor to establish entitlement to a personal property exemption under K.S.A. 60-2304(a).

However, there is an obstacle to applying the Kansas burden of proof in this case. That obstacle is the rule of stare decisis under which this Court is bound by published Tenth Circuit decisions. "Absent *en banc* reconsideration

---

298, 411 P.2d 725, 729 (1966) (citing *Elliott v. Parlin & Orendorff*, 71 Kan. 665, 81 P. 500 (1905)).

[31] 97 Kan. 433, 155 P. 957 (1916).

[32] *Id.*

[33] *Beard v. Montgomery Ward & Co.*, 215 Kan. 343, 524 P. 2d 1159 (1974).

11

or an intervening Supreme Court decision, the [Kansas district] court is bound by the precedent set forth by the Tenth Circuit Court of Appeals."[34] There is an exception to that rule of stare decisis when the prior ruling was dicta, defined as "statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case at hand."[35]

In 2003, the Tenth Circuit in *Lampe*[36] rejected the Chapter 7 Trustee's objection to the Kansas tools of the trade exemption in farm equipment claimed by co-debtor Shelia Lampe, who had outside employment in addition to performing activities required in the family farming operation. The court held that "[o]nce a debtor claims an exemption, the objecting party bears the burden of proving the exemption is not properly claimed," citing a bankruptcy court decision which in turn cited Rule 4003(c).[37] The basis for finding the exemption properly claimed was the conclusion that the Trustee failed to meet her burden of proving that Shelia lacked an ownership interest in the

---

[34] *Wirtz v. Kan. Farm Bureau Serv., Inc.*, 311 F. Supp. 2d 1197, 1210 n.24 (D. Kan. 2004).

[35] *United States v. Titties*, 852 F.3d 1257, 1273 (10th Cir. 2017).

[36] *Lampe v. Williamson (In re Lampe)*, 331 F.3d 750, 750 (10th Cir. 2003).

[37] *Id.* at 754 (citing *In re Ginther*, 282 B.R. 16, 19 (Bankr. D. Kan. 2002)).

12

farm equipment under the theories that it was owned exclusively by her husband or by a partnership.[38]

Because the Tenth Circuit in *Lampe* unequivocally placed the burden of proof on the objecting party in challenges to Kansas personal property exemptions and that rule was central its decision, rather than dicta, this Court is bound to apply Rule 4003(c) in this case. The Tenth Circuit Bankruptcy Appellate Panel has interpreted the rule as follows:

> Once an exemption has been claimed, it is the objecting party's burden to prove that the exemption is not properly claimed. Fed. R. Bankr. P. 4003(c). Initially, this means that the objecting party has the burden of production and persuasion. If the objecting party can produce evidence to rebut the exemption, the burden then shifts back to the debtor to come forward with evidence to demonstrate that the exemption is proper.[39]

In the trial of the objections to Debtor's personal property exemptions, the Court will apply this interpretation of Rule 4003(c).

---

[38] *Id.* at 757.

[39] *Gregory v. Zubrod (In re Gregory)*, 245 B.R. 171, 174 (10th Cir. BAP 2000); *see also Hodes v. Jenkins (In re Hodes)*, 308 B.R. 61, 66 (10th Cir. BAP 2004) ("[T]he objecting Creditors have the burden of proving that the exemption is not properly claimed. The exemption is presumed to be valid, and the Creditors have the initial burden of producing evidence to rebut the presumption. Thereafter, the burden shifts back to the Debtor to come forward with evidence to demonstrate that the exemption was proper." (internal footnotes and citations omitted)).

13

C.  Conclusion

The Court finds that it is bound by the decision of the Tenth Circuit Court of Appeals in *Lampe*, which holds that Rule 4003(c) governs litigation of claimed exemptions even when the exemptions in issue are defined by state law. Rule 4003(c) will therefore apply in the trial of the Trustee and LPF's objections to Debtor's personal property exemptions.

**It is so ordered.**

### ###